

OCT 17 2019

Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRANDON KALE BAGNELL,<br><br>Petitioner,<br><br>vs.<br><br>PATRICK MCTIGHE;[1] ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 19-105-M-DLC-KLD<br><br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Brandon Kale Bagnell, a state prisoner proceeding pro se, filed this action under 28 U.S.C. § 2254. Although Bagnell purports to challenge a conviction for felony Stalking (2nd offense) handed down on January 31, 2018, in Montana's Twentieth Judicial District, Lake County,[2] his primary contention is that he pled guilty in 2014 to his first Lake County Stalking offense,[3] following faulty advice

---

[1] The Clerk of Court will be directed to amend the caption in this matter to reflect that Patrick McTighe, the warden of the Crossroads Correctional Facility where Bagnell is housed, is the proper Respondent. In a federal habeas petition, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F. 3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. §2254).

[2] The 2018 judgment of conviction was entered following a jury trial in Cause No. DC-15-355.

[3] The 2014 conviction was entered in Cause No. DC-13-80.

1

from counsel. See, (Doc. 1 at 2-3.) Bagnell maintains the 2014 Stalking conviction is unconstitutional and, in turn, has rendered his 2018 Stalking conviction and sentence also unconstitutional. *Id.* at 3.

The Court is familiar with Bagnell's challenge to the 2014 conviction. He previously attempted to attack the conviction and sentence in a prior § 2254 petition. See, *Bagnell v. Attorney General*, CV-18-128-M-DLC, Pet. (filed July 10, 2018). That matter was dismissed for lack of jurisdiction because Bagnell had already fully discharged the underlying sentence. See, *Bagnell v. Attorney General*, CV-18-128-M-DLC, Or. (D. Mont. June 7, 2019).

I.  **Background**

On May 17, 2013, Bagnell was charged with felony stalking in violation of § 45-2-220, MCA.[4] Tim Baldwin of the Office of the State Public Defender was appointed to represent Bagnell. Two weeks before trial, Baldwin filed a motion to dismiss arguing, in part, that the Stalking charge should be dismissed because the State could not prove Bagnell was served in writing with an amended restraining order.[5] At an October 31, 2014, pretrial hearing, the district court denied the motion. While noting there was inconsistency in state law, the court determined it

---

[4] The following factual summary, where not otherwise indicated, is taken from the Montana Supreme Court's opinion in *Bagnell v. State*, 2018 MT 42N, 391 Mont. 539, 413 P. 3d 813 (Table), and is presumed correct. See, *Vasquez v. Kirkland*, 572 F. 3d 1029, 1031, n.1 (9th Cir. 2009) (indicating reliance upon the state appellate court's decision for summary of the facts).
[5] See, Def's Motion, (Doc. 1-4.)

2

was for the jury to decide whether the State had met its burden and proved Bagnell was either personally served with the order of protection or had actual knowledge of the order's existence.[6] Later that same day, Bagnell pled guilty to felony Stalking.

As part of the plea agreement, the State agreed to withdraw its Persistent Felony Offender (PFO) notice, agreed to dismiss all remaining charges in DC-13-80, and agreed not to prosecute Bagnell for additional violations that arose out of his conduct. The agreement did not preserve any specific issues for appeal, nor were any issues preserved orally during the change of plea hearing.[7] The district court determined Bagnell was acting on the advice of competent counsel; that he was not under the influence of drugs or alcohol; that he was not suffering from any impairment that would interfere with his ability to understand and enter a change of plea; that no threats or promises had been made; and, that he was entering his guilty plea knowingly, voluntarily, and intelligently. Pursuant to the parties' agreement, Bagnell was sentenced to five years with the Montana Department of Corrections.

On January 14, 2015, Baldwin filed an unopposed motion for an out-of-time

---

[6] See e.g., *Bagnell v. Attorney General*, CV-18-128-M-DLC, Trns. Of Hearing (Doc. 1-1 at 17-18).
[7] See, Plea Agreement, (Doc. 1-5); see also, Hrg. Trns. (Doc. 1-7.)

appeal on Bagnell's behalf.[8] In an affidavit attached to the motion, Baldwin explained that due to a change in his employment, he failed to timely advise Bagnell of his right to appeal, that Bagnell had not waived his right to appeal, and that Bagnell advised him of his wish to appeal the district court's denial of his motion to dismiss.[9] The Montana Supreme Court granted the motion for an out-of-time appeal. The Office of the State Appellate Defender was appointed to represent Bagnell.

Following review of the record and determining that there were no non-frivolous issues to raise on direct appeal, appellate counsel filed a motion for leave to withdraw and brief pursuant to *Anders v. California*, 368 U.S. 738 (1967). Counsel noted, however, that Bagnell might have a postconviction claim regarding Baldwin's failure to explicitly preserve Bagnell's right to appeal in the plea agreement. Bagnell objected to appellate counsel's motion. Following its own independent review of the record, the Montana Supreme Court dismissed Bagnell's appeal.[10]

Bagnell filed a petition for postconviction relief (PCR) in the district court, alleging: ineffective assistance of counsel, an involuntary guilty plea, a due process

---

[8] See, (Doc. 1-6 at 2-4.)
[9] See e.g., (Doc. 1-6 at 5-9.)
[10] See, *State v. Bagnell*, DA-15-0039, Or. (Mont. Jan. 19, 2016). All state court briefing and orders available at: https://supremecourtdocket.mt.gov/ (accessed October 16, 2019).

violation, and a *Brady* violation.[11]  The district court did not order a response from the state and did not hold an evidentiary hearing.  The district court determined Bagnell failed to make the requisite factual showing that he was entitled to relief and that his conclusory statements and accusations were contrary to the testimony he provided under oath during the entry of his guilty plea.  Bagnell appealed.[12]

In affirming the district court, the Montana Supreme Court held that Bagnell failed to demonstrate that any of his PCR claims necessitated an evidentiary hearing.  See, *Bagnell v. State*, 2018 MT 42N, 391 Mont. 539, 413 P. 3d 813 (Table).[13]  The Court determined Bagnell's claim that his plea was involuntary due to Baldwin's failure to include his right to appeal was without merit, given the district court's detailed plea colloquy and Bagnell's acknowledgments regarding his satisfaction with Baldwin.  *Bagnell*, 2018 MT 42N, ¶ 16.  The Court determined Bagnell's ineffective assistance of counsel claim also failed:

> Bagnell did not "overcome the presumption that his counsel acted in a reasonable, professional manner." The written and oral record does not show that Baldwin or Bagnell intended to reserve the right to appeal and, even though Baldwin failed to preserve Bagnell's ability to appeal his guilty plea, Bagnell was not prejudiced by Baldwin's failure in this regard because this Court allowed Bagnell an out-of-time appeal, independently and fully reviewed the record, and concluded that an appeal of the case would be wholly frivolous.

---

[11] The rule established in *Brady v. Maryland*, 373 U.S. 83 (1963), requires the prosecution to disclose materially exculpatory evidence in its possession to the defense.
[12] See, (Doc. 1-2.)
[13] A copy of this opinion is attached to Bagnell's petition.  See, (Doc. 1-8).

5

>The District Court acted within its authority by reviewing the files and determining that Bagnell has not demonstrated he is entitled to the relief he requests. Although [appellate counsel] initially noted that Bagnell might have an ineffective assistance of counsel claim with regard to Baldwin's failure to preserve Bagnell's right to appeal in the Plea Agreement, after reviewing the record, the District Court properly concluded that Bagnell failed to meet his burden to show his PCR petition is entitled to further review or that his Plea Agreement should be withdrawn. The District Court did not err in dismissing Bagnell's PCR petition.

*Id.* at ¶¶ 17-18 (citations omitted).

Bagnell was subsequently charged with felony Stalking, 2nd offense, in Cause No. DC-15-355.[14] Following a jury trial, Bagnell was found guilty of Stalking. On January 31, 2018, Bagnell was sentenced as a PFO to 20 years at the Montana State Prison. See, (Doc. 1 at 2-3.) Bagnell currently has a direct appeal pending challenging the 2018 conviction.[15]

## II. Bagnell's Claims

Bagnell first alleges that the sentence he is currently serving is unconstitutional because it was enhanced as a collateral consequence of the unconstitutional charge and underlying conviction in DC-13-80. (Doc. 1 at 4, ¶ 14(A)). Bagnell contends his first felony stalking conviction was a result of an involuntary guilty plea, a due process violation, and the denial of effective counsel at all phases of the litigation in DC-13-80. *Id.*

---

[14] The same woman, L.L., was the victim in both of Bagnell's criminal cases.
[15] See, *State v. Bagnell*, DA 18-0160, Appellant's Br. (filed Sept. 16, 2019).

6

Bagnell next alleges that his current counsel in DC-15-355 is providing ineffective assistance because counsel has refused to address and/or raise issues presented in DC-13-80. *Id.* at 5, ¶ 14(B). Bagnell asserts that had counsel preserved certain issues, he would not have untimely filed his prior habeas petition before this Court in *Bagnell v. Attorney General*, CV-18-128-M-DLC. *Id.*

Bagnell asks this Court to hold an evidentiary hearing and question his trial attorney Baldwin about the advice he gave to Bagnell regarding his entry of a guilty plea in 2014. *Id.* at 7, ¶ 16. Bagnell also asks this Court to review the record in DC-13-80 and declare his conviction is unconstitutional and, in turn, order that his current conviction in DC-15-355 is a first offense misdemeanor. *Id.* Alternatively, Bagnell asks for a ruling that his plea in DC-13-80 was involuntary and/or unintelligent and remand DC-15-355 for a new trial on an amended misdemeanor offense. *Id.*

### III. Analysis

A federal district court can grant habeas relief only when a state prisoner's custody violates federal law. See, 28 U.S.C. §2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *Valdez v. Montgomery*, 918 F. 3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F. 3d

7

1124, 1127 (9th Cir. 1998). For the reasons stated herein, Bagnell's first claim should be denied and his second claim should be dismissed as unexhausted.

### i. Claim 1

Although Bagnell ostensibly presents his first claim as an attack on his 2018 conviction, in reality he is challenging the underlying conviction handed down in 2014, because it was used to enhance his 2018 PFO sentence. In *Lackawanna Cty. Dist. Attorney v. Coss*, the United States Supreme Court held, "once a state conviction is no longer open to direct or collateral attack in its own right, because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." 532 U.S. 394, 403 (2001). Accordingly, "[i]f that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403-04.

The Supreme Court recognized an exception to this rule when there has been a complete failure to appoint counsel in violation of the Sixth Amendment. *Id.* at 404. The Court also suggested other exceptions may exists: (1) when a state court, without justification, refuses to rule on a constitutional claim that was properly presented to it, or (2) after the expiration of the time to seek review, the defendant presents compelling evidence of his actual innocence, which could not have been

8

discovered in a timely manner. *Id.* at 405-06.

In *Durbin v. People of the State of Calif.*, 720 F. 3d 1095, 1098-99 (9th Cir. 2013), the Ninth Circuit adopted the two exceptions suggested by the Supreme Court in *Lackawanna Cnty.* The Circuit explained, that in such circumstances, the federal habeas proceeding is effectively the first and only forum for review of the prior conviction. *Durbin*, 720 F. 3d at 1099 (quoting *Lackawanna Cnty.*, 532 U.S. at 406). But Bagnell does not meet any of the outlined exceptions.

### a. Failure to Appoint Counsel

Bagnell has not demonstrated that there was a failure to appoint counsel in the criminal proceedings for DC-13-80. As set forth above, Baldwin was appointed to represent Bagnell. Baldwin filed a motion to dismiss on Bagnell's behalf and, on October 31, 2014, Baldwin represented Bagnell at the pretrial hearing on the motion to dismiss and during the change of plea/sentencing hearing that was held later that same day. The record before this Court clearly indicates counsel was provided to Bagnell and was present during the pertinent proceedings.[16]

### b. State Court's Refusal to Rule on Properly Presented Constitutional Claim

Bagnell maintains his insistence that the Montana Supreme Court's decision

---

[16] See e.g., Change of Plea/Sentencing Hrg. Trns. (Doc. 1-7); see also, *Bagnell v. Attorney General*, CV-18-128-M-DLC, Pretrial Hearing Trns. (Doc. 1-1 at 14-19).

that his guilty plea was voluntary and intelligent, that his right to due process was not violated, and that Baldwin did not perform deficiently was incorrect.  See e.g., (Doc. 1 at 4, ¶ 13(A)).  But Bagnell has not established the state courts refused to rule on a constitutional claim, rather he challenges the correctness of the decision.  This is not the showing Bagnell is required to make.  Accordingly, he also fails to satisfy the second exception.

### c. Discovery of Compelling Evidence of Actual Innocence

As a preliminary matter, Bagnell does not present any compelling evidence to establish that he was actually innocent of stalking L.L. in conjunction with the 2014 conviction.  Rather, Bagnell claims the conviction is infirm because he did not have adequate notice of the protective order that was in place.  But this issue was well known to the parties and, as set forth above, was the subject of a motion to dismiss and the topic of a pretrial hearing.  Instead of presenting the issue to the jury, Bagnell elected to proceed with certainty provided by the negotiated plea resolution and entered a guilty plea.  It follows then, under *Durbin*, that Bagnell fails to present compelling evidence of his actual innocence and also fails to establish that the legal argument regarding notice could not have been uncovered earlier.

To the extent that Bagnell wants this Court to decide the question of what type of notice is required under Montana law to satisfy the state stalking statute,

and make a corresponding decision regarding the constitutionality of his 2014 conviction, see (Doc. 1 at 7, ¶ 16), such a determination is not within the province of this Court. See e.g., *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (habeas corpus relief does not lie for purported errors of state law).

Because Bagnell does not meet any of the *Lackawanna/Durbin* exceptions, his first claim should be denied for lack of merit.

### ii. Claim 2

Generally, a federal court may not grant a state prisoner's petition for writ of habeas corpus unless the prisoner has exhausted remedies in state court. 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, a petitioner must "fairly present" his habeas claims "in each appropriate state court…including a state supreme court with the powers of discretionary review." *Murray v. Schirro*, 882 F. 3d 778, 807 (9th Cir. 2018)(quoting *Baldwin v. Reese*, 541 U.S. 27, 30 (2004)).

While Bagnell asserts his appointed counsel in DC-15-355 have provided ineffective assistance by failing to address issues stemming from the 2014 stalking conviction, he also acknowledges the claim has not been presented to the state courts. See, (Doc. 1 at 5, ¶ 14(B)(ii)). Accordingly, the claim is unexhausted. Bagnell seems to be of the belief, however, that he does not need to exhaust the constitutional claim. *Id.* at ¶ 14(B)(i). To the extent that Bagnell believes he may present a new stand-alone claim of ineffective assistance of counsel to this Court,

11

he is mistaken. As set forth above, all federal constitutional claims must be fairly presented to the state courts. The claim should be dismissed as unexhausted.

To the extent that Bagnell is attempting to bootstrap yet another attack upon the 2014 conviction by raising an ineffective assistance claim against counsel in his 2018 case, such a claim fails for the same reasons discussed above in relation to Claim 1.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Bagnell's first claim should be denied because he has offered no basis to

support a conclusion that he should not be faulted for failing to obtain timely review of his 2014 conviction. Bagnell's second claim should be denied because the claim has not been presented to the state courts and is unexhausted. There is no basis to believe that reasonable jurists would find a basis encourage further proceedings or find this Court's determination regarding exhaustion to be debatable. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

The Clerk of Court is directed to amend the caption in this matter to reflect that Warden Patrick McTighe is the proper Respondent.

## RECOMMENDATION

1. Bagnell's first claim should be denied with prejudice and his second claim should be dismissed as unexhausted.

2. The Clerk of Court should be directed to enter judgment of in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Bagnell may object to this Findings and Recommendation within 14

days.[17] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Bagnell must immediately notify the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 17th day of October, 2019.

*Kathleen L. DeSoto*
Kathleen L. DeSoto
United States Magistrate Judge

---

[17] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Bagnell is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

14