
FILED
DEC 10 2019
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRANDON KALE BAGNELL,<br><br>Petitioner,<br><br>vs.<br><br>PATRICK MCTIGHE; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 19–105–M–DLC–KLD<br><br>ORDER |

On October 17, 2019, United States Magistrate Judge Kathleen L. DeSoto entered her Order and Findings and Recommendation ("F&R") in the above-captioned matter. (Doc. 7.) She recommends that the Court deny Petitioner Brandon Kale Bagnell's ("Bagnell") first claim for habeas corpus relief and dismiss his second claim as unexhausted. (*Id.* at 13.) And, because she concluded that reasonable jurists would not find a basis to encourage further proceedings, Judge DeSoto recommends that the Court deny a certificate of appealability. (*Id.*)

## LEGAL STANDARD

Bagnell timely filed objections and is therefore entitled to de novo review of those findings to which he specifically objects. 28 U.S.C. § 636(b)(1). Absent objection, the Court reviews the Magistrate Judge's findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exits if the Court is left with the "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

## DISCUSSION

Judge DeSoto thoroughly set out the factual and procedural background in her F&R, so the Court will not transcribe her work here. (*See* Doc. 7 at 2–6.) In his petition for writ of habeas corpus, Bagnell asserts two claims. First, he contends that his current incarceration violates his right to due process. (Doc. 1 at 4, ¶ A.) Bagnell rests this claim on the theory that the State unconstitutionally obtained a prior conviction against him in 2014. (*Id.*) The allegedly unconstitutional prior conviction (Cause No. DC-13-80), in turn, served as an enhancement for the sentence he is currently serving (Cause No. DC-15-355). (*Id.*) Therefore, Bagnell argues, the sentence he is currently serving in DC-15-355 is unconstitutional as a "collateral consequence" of the unconstitutional prior

conviction in DC-13-80. (*Id.*) Second, Bagnell claims that counsel ineffectively represented him in DC-15-355 by failing to address the unconstitutional collateral consequence issue. (*Id.* at 5, ¶ B.) As Judge DeSoto notes in her F&R, Bagnell has filed a direct appeal challenging his 2018 stalking conviction in DC-15-355, which is currently pending before the Montana Supreme Court. (Doc. 7 at 6, n.15.)

The Court will address each of Bagnell's claims and his objections to the corresponding findings in the F&R in turn.

I. **Bagnell's claim related to his expired 2014 conviction falls outside the Court's habeas jurisdiction and is denied for lack of merit.**

Bagnell challenges the constitutionality of his 2014 conviction by packaging it as an attack against the sentence he is currently serving for his 2018 conviction. (*See* Doc. 7 at 8.) To that end, he seeks an evidentiary hearing to question the validity of the guilty plea he entered in 2014 in DC-13-80—a conviction which ultimately resulted in an enhancement of the sentence handed down in 2018 in DC-15-355. (Docs. 8 at 1; 1 at 4.) For the following reasons, his claim is denied.

The Court notes and Bagnell does not dispute that, for federal habeas purposes, his 2014 conviction constitutes an "expired" conviction. That is,

Bagnell has fully served the sentence for the 2014 conviction.[1] *Dubrin v. People of California*, 720 F.3d 1095, 1097 (9th Cir. 2013). Usually, an expired conviction cannot serve as a basis of a § 2254 petition:

> [W]hen an "expired" prior conviction [] is later used to enhance a criminal sentence, a state prisoner "generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained."

*Id.* (quoting *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 403–04 (2001) (plurality opinion)).

However, the Ninth Circuit permits federal habeas review of expired prior convictions "when the defendant cannot be 'faulted for failing to obtain timely review of a constitutional claim.'" *Id.* at 1098 (quoting *Lackawanna Cnty. Dist. Attorney*, 532 U.S. at 405). Two sets of circumstances may satisfy this so-called *Lackawanna/Dubrin* exception: first, "a state court, without justification, refuses to rule on a constitutional claim that has been properly presented to it," *id.* (internal quotation marks and modification omitted); or second, the petitioner obtains "compelling evidence that he is actually innocent of the crime of conviction," *Lackawanna County District Attorney*, 532 U.S. at 405. To fall within the second

---

[1] Bagnell previously attempted to challenge the 2014 conviction and sentence in a § 2254 petition. *See Bagnell v. Attorney General*, CV–18–128–M–DLC, Pet. (filed July 10, 2018). Pursuant to court order, Respondent Attorney General of the State of Montana filed the official record reflecting Bagnell's discharge date in DC-13-80 as March 7, 2018. *See Bagnell v. Attorney General*, CV–18–128–M–DLC, Notice, Doc. 11-1 at 5 (filed Apr. 12, 2019).

set of circumstances, the "compelling evidence" must be that "which he could not have uncovered in a timely manner." *Lackawanna Cnty Dist. Attorney*, 532 U.S. at 405.

After analyzing the *Lackawanna/Dubrin* exception, Judge DeSoto found that Bagnell's 2014 conviction satisfied neither of the prerequisites. (Doc. 7 at 9–11.) First, she concluded that while Bagnell attacked the correctness of the state courts' decisions on his challenges to the 2014 conviction, he failed to show that they refused to rule on any constitutional claim he presented to them. (*Id.* at 10.) Second, she determined that Bagnell presented no compelling evidence of his innocence, but rather rehashed a legal argument that was the subject of a motion to dismiss and the topic of a pretrial hearing in the state trial court. (*Id.*) Therefore, Judge DeSoto recommended that his first claim be denied for lack of merit. (*Id.* at 11.)

Bagnell objects to the F&R first by presenting examples of "compelling evidence" of his innocence. He points to the State's admission that it had no proof of actual service of the restraining order he violated. (Doc. 8 at 2.) Furthermore, he asserts that the victim accepted his collect calls from jail and therefore consented to his violations of the restraining order. (*Id.*) Finally, he claims that the victim made death threats to himself and the mother of his child, demonstrating

that she was unafraid of him. (Doc. 8 at 2.)

Bagnell's characterization notwithstanding, this evidence is insufficient to meet the "compelling evidence" standard, because it was known to Bagnell in 2014. *See West v. Ryan*, 652 F.3d 1071, 1081–82 (9th Cir. 2011). In other words, it is not evidence "which he could not have uncovered in a timely manner." *Lackawanna Cnty. Dist. Attorney*, 532 U.S. at 405. As Judge DeSoto explained in her F&R, the actual service issue surrounding the restraining order "was well known to the parties and . . . was the subject of a motion to dismiss and the topic of a pretrial hearing." (Doc. 7 at 10.) His counsel attempted to nullify the issue of whether Bagnell needed to be personally served in order to violate the restraining order. (Doc. 1-7 at 7.) During the plea colloquy, counsel asked, "after [the victim] told you that she had a restraining order, did you call her after that?" (*Id.*) Bagnell answered that he did. (*Id.*)

Like Judge DeSoto, the Court cannot reasonably conclude that the service issue constitutes compelling evidence of Bagnell's innocence, or that it establishes a legal argument that he could not have been uncovered earlier. Similarly, by their nature, Bagnell could have timely uncovered the calls the victim allegedly accepted from him or made to him to attack the foundation of the restraining order. Accordingly, reviewing Judge DeSoto's finding on the "compelling evidence"

issue de novo, the Court agrees that Bagnell has presented no compelling evidence to satisfy the *Lackawanna/Dubrin* exception.

Bagnell next objects to the F&R by arguing that his circumstances satisfy the *Lackawanna/Dubrin* exception based on the state courts' refusal to: (1) address "the fact they violate their own [Montana] statutes"; and (2) rule on whether he received constitutionally deficient advice from counsel before he pleaded guilty. (Doc. 8 at 3.) The Court will address each of these issues in turn.

First, and as the F&R explained, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (citations omitted). Here, Bagnell filed a motion in limine to exclude the restraining order in DC-13-80. (Doc. 1-4.) The state trial court denied the motion, but acknowledged that between the family law title and the criminal code, Montana's statutory framework lacks consistency as it relates to the service an enforceable restraining order requires.[2] Bagnell appealed, and after the appointed appellate defender advised that she failed to find any non-frivolous issues to raise, the Montana Supreme Court independently reviewed the record. (Doc. 1-8 at 4–5.) However, it ultimately dismissed the case, concluding that an appeal would be

---

[2] *Bagnell v. Attorney General*, CV–18–128–M–DLC, Hrg. Trns, Doc. 1-1 at 16–18.

"wholly frivolous."[3]

Whether the trial court erred in its application of the statutory service requirements or the Supreme Court erred in its review of the same is irrelevant. It is not the province of this Court to decide what type of service is required under Montana law to satisfy the stalking statute. *Estelle*, 502 U.S. at 67–68. Furthermore, even if it were, the record in this case reflects that the state courts have not refused to rule on this issue; rather, Bagnell simply disagrees with their conclusions. (*See* Doc. 8 at 3.) Accordingly, after reviewing Judge DeSoto's finding de novo, the Court agrees that Bagnell's arguments and objections related to the state courts' application of state law are outside the scope of this Court's review and fail to satisfy the *Lakawanna/Dubrin* exception.

For similar reasons, the Court cannot agree with Bagnell's objections related to his second "refusal-to-rule" allegation. Bagnell argues that his counsel failed to preserve his right to appeal, and the state courts have refused to rule on this failure. (Doc. 8. at 3.) However, affirming the trial court's dismissal of his petition for postconviction relief, the Montana Supreme Court ruled that:

> [E]ven though [his counsel] failed to preserve Bagnell's ability to appeal his guilty plea, Bagnell was not prejudiced by [his] failure in this regard because this Court allowed Bagnell an out-of-time appeal,

---

[3] *State v. Bagnell*, DA-15-0039, Or. (Mont. Jan. 19, 2016), available at https:/supremecourtdocket.mt.gov/ (accessed Dec. 2, 2019).

-8-

independently and fully reviewed the record, and concluded that an appeal of the case would be wholly frivolous.

(Doc. 1-8 at 9.) As the F&R explained, the state courts have ruled on Bagnell's ineffective assistance claim for the 2014 conviction. He simply disagrees with these rulings. (Doc. 7 at 10.) Therefore, reviewing this finding de novo, the Court concludes that Bagnell fails to fit his case within the first set of circumstances set out by the *Lackawanna/Dubrin* exception.

Bagnell's final three objections amount to amalgams of those the Court has already addressed. He again attacks the validity of the Montana stalking statute and the state courts' application of it (Doc. 8 at 3, ¶ (5)), which he in turn argues constitutes "compelling evidence" that his guilty plea was invalid (*id.* at 4, ¶ (A)), and concludes that he never waived his right to appeal when he did plead guilty (*id.* at 4 ¶ (B)). However, these objections simply retread the ground both the Court and the F&R have already covered.

Unless certain circumstances exist, a prisoner generally may not challenge the enhanced sentence he is currently serving by attacking the expired prior conviction that led to the enhancement. *Dubrin*, 720 F.3d at 1097 (citation omitted). After conducting de novo review of Judge DeSoto's findings to which Bagnell specifically objects, the Court finds that Bagnell's expired 2014 conviction

fails to satisfy the circumstances set out by the *Lackawanna/Dubrin* exception. Therefore, it adopts Judge DeSoto's recommendation to deny his first claim for lack of merit.

## II. Bagnell's second claim is dismissed as unexhausted.

In his second claim for habeas relief, Bagnell claims that his current counsel in DC-15-355 has rendered ineffective assistance for failing to address issues related to the 2014 conviction. (Doc. 1 at 5, ¶ B(i).) After pointing out that Bagnell acknowledges that this claim has yet to be presented to the state courts, Judge DeSoto found that he has failed to meet the exhaustion requirement for habeas review. (Doc. 7 at 11.)

Bagnell does not object to this finding, and the Court reviews it for clear error. Reviewing for clear error, the Court finds none, and concludes that Bagnell has failed to fairly present this second claim to each appropriate state court. Accordingly, the Court adopts Judge DeSoto's recommendation and dismisses Bagnell's second claim as unexhausted.

## III. The Court denies Bagnell a certificate of appealability.

Judge DeSoto recommended the Court deny Bagnell a certificate of appealability. (Doc. 7 at 12.) She determined Bagnell's petition lacked a basis for excusing his failure to obtain timely review of his expired 2014 conviction.

(*Id.* at 12–13.) She further found that reasonable jurists would find no basis for encouraging or debating her recommendation on the exhaustion issue. (*Id.* at 13.)

Bagnell does not object to this finding, so the Court reviews it for clear error. Finding it without error, the Court adopts Judge DeSoto's recommendation and denies a certificate of appealability.

## ORDER

Accordingly, IT IS ORDERED:

(1) Petitioner Bagnell's first claim is DENIED WITH PREJUDICE and his second claim is DISMISSED AS UNEXHAUSTED;

(2) The Clerk of Court shall enter a judgment in favor of Respondents and against Petitioner; and

(3) A certificate of appealability is DENIED.

DATED this 10th day of December, 2019.

Dana L. Christensen, Chief Judge
United States District Court